UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE TELEMAQUE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ASSET RECOVERY SOLUTIONS, LLC<br><br>Defendant. | CIVIL ACTION<br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff MARIE TELEMAQUE (hereinafter, "Plaintiff"), a New York resident, brings this action complaint by and through her attorney, Joseph H. Mizrahi Law, P.C., against Defendant ASSET RECOVERY SOLUTIONS, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a Delaware corporation with a principal office located in Des Plaines, Illinois.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to

collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers from whom Defendant failed to take a verbal dispute or sent a collection substantially similar to the one referenced in **Exhibit A**, in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons whom Defendant has improperly denied the right to dispute a debt, or sent a collection substantially similar to the one referenced in **Exhibit A**, in violation of specific provisions of the FDCPA.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

3

      d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **ALLEGATIONS OF FACT**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

16. Defendant was attempting to collect on Plaintiff's purportedly overdue account with First Premier Bank.

17. On or about May 1, 2017, in an effort to begin collecting on this debt, Defendant sent Plaintiff a Collection Letter. *See* **Exhibit A**.

18. In response thereto, on or around June 2, 2017, Plaintiff called Defendant to inquire about the alleged debt.

19. A representative of Defendant answered the phone and identified herself as "Sylvia."

20. During that phone call, Plaintiff authorized her representative (hereinafter "Plaintiff"), to discuss the status of the debt with Defendant.

21. After taking steps to find the account, Defendant confirmed that the account listed was for $925.11.

22. Defendant then indicated that the current creditor of the alleged debt was Jefferson Capital Systems.

23. However, the Collection letter attached hereto as **Exhibit A** indicates that the current creditor is actually First Premier Bank.

24. Jefferson Capital Systems and First Premier Bank cannot both be the Current Creditor as Defendant purports.

25. Plaintiff, already confused at this point, thereafter stated that she disagreed with the balance and would like to dispute the debt.

5

26. However, instead of simply accepting the dispute, Defendant kept trying to discourage Plaintiff from making said dispute, explaining that balances frequently change due to interest and/or fees.

27. Plaintiff responded by again attempting to explain that she disagreed with the balance stated and would merely like to put her account in dispute.

28. To which Defendant responded by overtly stating: "But that won't be a valid dispute, honestly, that's not a valid dispute ma'am."

29. As set forth in the following Counts Defendant violated the FDCPA.

## First Count
## 15 U.S.C. §1692e *et seq.*
## False and Misleading Representations

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e) by using false, deceptive, and misleading representations in connection with the collection of a debt.

32. Defendant violated said section by not accepting Plaintiff's dispute over the phone.

33. Defendant further violated same by requiring a reason for the dispute.

34. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.[1]

35. The FDCPA allows the consumer to orally dispute a debt.[2]

---

[1] *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002), *Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), *Whitten v. ARS National Servs. Inc*., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), *Castro v. ARS National Servs., Inc*., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Frey v. Satter, Beyer & Spires.*, 1999 WL 301650 (N.D. Ill. May 3, 1999), *DeSantis v. Computer Credit, Inc*., 269 f.3d 159 (2nd Cir. 2001), *Mejia v. Marauder Corporation*., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute).

[2] (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See. *Rosado v. Taylor.*, 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under §

36. Upon information and belief, Asset and its employees, as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

37. Upon information and belief, Asset and its employees, when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

38. Upon information and belief, Asset and its employees, intentionally denied Plaintiff his dispute rights afforded to him under the FDCPA.

39. Upon information and belief, Asset and its employees wrongfully stated to Plaintiff that he

---

1692e(8) that the debt collector report the dispute if reporting the debt to third parties. It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer.), See. Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), *Jerman v. Carlisle*, *McNellie, Rini, Kramer & Ulrich*, 464 F.Supp.2d 720 (N.D. Ohio 2006), *Baez v. Wagner & Hunt, P.A*., 442 F.Supp.2d 1273 (S.D.Fla. 2006), *Turner v. Shenandoah Legal Group, P.C*., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), *Vega v. Credit Bureau Enters*., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), *Nasca v. GC Servs. Ltd. P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), *In re Risk Mgmt. Alternatives, Inc*., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), *Sambor v. Omnia Credit Servs., Inc*., 183 F.Supp.2d 1234 (D.Haw. 2002), *Sanchez v. Robert E. Weiss, Inc*., 173 F.Supp.2d 1029 (N.D. Cal. 2001), *Castro v. ARS Nat'l Servs., Inc*., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Ong v. Am. Collections Enter*., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), *Reed v. Smith, Smith & Smith*, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), *Harvey v. United Adjusters*, 509 F.Supp.1218 (D.Or. 1981), *Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.*), Purnell v. Arrow Fin. Servs., LLC*, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 ( E.D. Mich. Feb. 2, 2007). (The court stated "Congress has identified as harmful the failure to report a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress did not distinguish between communications that were intended and knowing as opposed to unintended and automatic. Indeed, the "directly or indirectly" language of Section 1692a(2) suggests that Congress saw no difference between the two. From the perspective of a consumer disputing a debt, it similarly matters not how it is that a dispute marker is lost. The harm inheres in the simple fact that information about an apparently undisputed debt in that person's name exists in the credit reporting industry, which can have untold negative consequences for people who engage in commerce."), *Hoffman v. Partners in Collections, Inc*., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that "There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

could not orally dispute the debt with Defendant.

40. Upon information and belief, Asset and its employees, wrongfully stated to Plaintiff that he could only dispute a debt in writing.

41. Upon information and belief, Asset and its employees, wrongfully implied to Plaintiff that a dispute needs to be deemed valid in order for it to be considered a dispute.

42. Upon information and belief, Asset and its employee, by intentionally denying Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

43. Defendant's employee who spoke with Plaintiff intended to speak said words to Plaintiff.

44. The acts and omissions of Asset and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

45. Upon information and belief, Asset and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by Defendant purportedly in the validation notice.

46. As an actual and proximate result of the acts and omissions of Asset and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

## Second Count
### 15 U.S.C. §1692e *et seq.*
### False and Misleading Representations

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

49. Defendant's May 2, 2017 communication offered to settle Plaintiff's account if payment was made by May 26, 2017.

50. Said communication then states that "We are not obligated to renew this offer," in accordance with the 7th Circuit safe harbor language.

51. The whole point of the safe harbor language is to mitigate the false sense of urgency that one-time offers have on the least sophisticated consumer.

52. However, Defendant overshadows said purpose by immediately thereafter stating that "Failure to comply with the above mentioned terms will nullify the settlement arrangement," thereby once again instilling a false sense of urgency, as Defendant will always entertain the offered settlement as indicated by the statement on the very next line of the Collection Letter: "we encourage you to call prior to making a payment intended to pay your account in full."

53. Clearly, Defendant will always be willing to settle the account for less, but instead used contradictory and ambiguous language to instill a false sense of urgency in the Plaintiff, in violation of 1692e.

**Third Count**
**15 U.S.C. §1692e *et seq.***
**False and Misleading Representations**

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "53" herein with the same force and effect as if the same were set forth at length herein.

55. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

56. Defendant, in its two communications with Plaintiff, made directly contradicting statements that were material in nature.

9

57. Defendant's May 1, 2017 Letter communication states to Plaintiff that "Should you choose not to accept this offer, the account balance may periodically increase due to the addition of accrued interest."

58. However, during the subsequent June 2, 2017 communication between the parties, Defendant confirmed with Plaintiff that "interest is not accruing anymore," thereby proving Defendant's Letter communication to be false and deceptive.

59. Defendant never intended on charging Plaintiff for any other fees, including interest.

60. Defendant had no right to collect interest or any other fees from Plaintiff.

61. Rather, upon information and belief, Defendant arbitrarily threatened that Plaintiff's account may be subject to such fees, in an attempt at pressuring Plaintiff into paying the account quickly, to avoid these non-existent fees.

62. This was clearly a collection ploy by Defendant intended to instill a false sense of urgency and induce the consumer into quickly accepting a settlement offer.

63. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### Fourth Count
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Identity of the Creditor

64. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "63" herein with the same force and effect as if the same were set forth at length herein.

65. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

10

67. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

68. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

69. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

70. Here, Defendant in one communication states that First Premier Bank is the current creditor, while in another communication directly contradicts that statement by stating that the current creditor is Jefferson Capital Systems.

71. Because Defendant's communications in the instant case are reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

72. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt. *Datiz v. Int'l Recovery Assocs., Inc*., No. 15CV3549ADSAKT, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016), motion for relief from judgment denied, No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017); *McGinty v. Prof'l Claims Bureau, Inc*., No. 15CV4356SJFARL, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016).

73. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Joseph H. Mizrahi, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
337 Avenue W, Suite 2F
Brooklyn, New York 11223
Phone: (347) 927-4529
Fax:    (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated:   Brooklyn, New York
         June 23, 2017